UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON ALLEN HENNING,

    Petitioner,

v.                                      Case No:   2:16-cv-508-FtM-29CM
                                       Case No.: 2:12-cr-14-FtM-29CM

UNITED STATES OF AMERICA,

    Respondent.
_____

### ORDER

This matter comes before the Court upon review of Petitioner's Motion to Proceed in Habeas Proceeding Under 28 U.S.C. 2255 in Forma Pauperis and a Hereto Attached Affidavit of Indigency ("Motion to Proceed *In Forma Pauperis*," Cv. Doc. 3; Cr. Doc. 58)[1] filed on June 27, 2016 and his Motion for Expansion of Time to Research, Prepare and File Memorandum in Support of Motion to Vacate Under 28 U.S.C. § 2255 ("Motion for Extension of Time," Cv. Doc. 10) filed on August 8, 2016.

    1.    Motion to Proceed *In Forma Pauperis*

Petitioner's Motion to Proceed *In Forma Pauperis* seeks an order, pursuant to 28 U.S.C. § 1915, permitting him to prosecute his section 2255 motion "without first being required to pay the fees and costs associated with a post-conviction proceeding from the judgment entered by this Court on March 5, 2013."   Cv. Doc. 3 at 1; Cr. Doc.

---

[1] The Court will refer to the dockets in the instant action and the underlying criminal action throughout this Order.   The Court will refer to the docket of the instant action as "Cv. Doc.", and will refer to the docket in the underlying criminal action as "Cr. Doc."

58 at 1. At the outset, there are no filing fees for a section 2255 proceeding. *See Anderson v. Singletary*, 111 F.3d 801, 806 (11th Cir. 1997) ("[F]or a section 2255 proceeding, no filing fee is required"). Accordingly, the motion is due to be denied as moot on this ground. Petitioner further seeks, however, to proceed *in forma pauperis* so that the Court "may appoint counsel, order transcripts, and authorize any other expenditures as justice so requires." Cv. Doc. 3 at 4; Cr. Doc. 58 at 4.

A civil litigant, including a prisoner proceeding pro se, has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id.* In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. The Court determines that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). The Court will continue to evaluate Plaintiff's need for assistance as the case progresses, and will reconsider the appointment of counsel should an evidentiary hearing is necessary.

As to Petitioner's other requests, it is well settled that "a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent." *United States v. Herrera*, 474 F. 2d 1049, 1049 (5th Cir. 1973) (transcripts are not available for a "fishing

expedition"). Additionally, a defendant is not entitled to access to Court records "for the purpose of *preparing* a collateral attack on a conviction," *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992), and is not constitutionally entitled to a free transcript in a section 2255 proceeding. *Plaza-Arevalo v. United States*, No. 8:09–cr–571–T–17TBM, 8:11–cv–1670–T–17TBM, 2012 WL 394956, at *2 (M.D. Fla. Feb. 7, 2012) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Rather, a defendant is entitled to a transcript only "if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in the case." *Id.* Here, Petitioner makes an argument that his claim is not frivolous, however; he makes no argument that any particular transcripts are needed to decide the issue presented in the case. Because the motion is due to be denied, Petitioner is encouraged to contact the Federal Public Defender who represented him during the criminal proceedings and request a copy of his file.

2. Motion for Extension of Time

On July 1, 2016, the district judge granted Petitioner's Motion for Leave to File Memorandum in Support of Motion to Vacate, Set Aside, or Correct Pursuant to 28 U.S.C. 2255 (Cr. Doc. 57)[2] and ordered Petitioner to file his supporting memorandum of law by July 31, 2016. Cv. Doc. 6 at 1-2; Cr. Doc. 60 at 1-2. The Court ordered the Government to file its response within sixty days of Petitioner's filing of his memorandum of law. *Id.* at 2. Petitioner requests to extend his deadline by ninety (90) days. Cv. Doc. 10 at 4. Upon a review of the motion, the Court finds good cause

---

[2] This motion was filed in the underlying criminal case.

to grant the motion. Accordingly, the Court will also grant the Government an additional thirty days to file a response.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Motion to Proceed in Habeas Proceeding Under 28 U.S.C. 2255 *In Forma Pauperis* and a Hereto Attached Affidavit of Indigency. (Cv. Doc. 3; Cr. Doc. 58) is **DENIED**.

2. Motion for Expansion of Time to Research, Prepare and File Memorandum in Support of Motion to Vacate Under 28 U.S.C. § 2255 (Cv. Doc. 10) is **GRANTED**. Petitioner shall have up to and including **October 31, 2016** to file his supporting memorandum of law. The Government shall, **within ninety (90) days** of the filing of the supporting memorandum of law, file a response in compliance with the Court's Order dated July 1, 2016 (Cv. Doc. 6; Cr. Doc. 60). All other directives deadlines and directives in the Court's Order dated July 1, 2016 (Cv. Doc. 6; Cr. Doc. 60) remain in effect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Petitioner
AUSA