```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

JASON ALLEN HENNING,

    Petitioner,

v.                                  Case No: 2:16-cv-508-FtM-29CM
                                     Case No. 2:12-CR-14-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #56)[1] filed on June 27, 2016, arguing that his guilty plea and sentence are unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner also filed a motion seeking leave to file a memorandum in support, Cv. Doc. #2, which was granted, and petitioner was provided 30 days to file the memorandum. The Court also directed the government to file a response. (Cv. Doc. #6.) Petitioner sought another extension of time, Cv. Doc. #10, which was also granted and petitioner was provided an additional 45 days to file the memorandum. (Cv. Doc. #11.) Petitioner did

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

not file a memorandum in support, and on August 30, 2016, the government filed a Motion to Dismiss Motion as Untimely (Cv. Doc. #12). Petitioner did not file a response to the motion to dismiss.

**I.**

On February 15, 2012, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #3) charging petitioner with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2) (Count One), and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1) (Count Two). On August 6, 2012, petitioner entered a plea of guilty to the distribution count pursuant to a Plea Agreement (Cr. Doc. #26). (Cr. Doc. #30.) The plea was accepted and petitioner was adjudicated guilty of Count Two of the Indictment. (Cr. Doc. #32.)

In advance of sentencing, counsel filed a Sentencing Memorandum (Cr. Doc. #42) seeking a variance on petitioner's behalf, and the government filed a Motion for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Cr. Doc. #43). The Court granted the government's motion for a downward departure by two levels bringing petitioner's total offense level down to 35, and petitioner had a criminal history category of I. (Cr. Doc. #46; Cr. Doc. #50, p. 10.) At sentencing, counsel asked the Court to consider a downward variance to 60 months. (Cr. Doc. #50, p. 13.) After hearing from the

government, the Court granted the request in part. (Cr. Doc. #50, p. 29.) On March 4, 2013, the Court sentenced petitioner to a term of imprisonment of 120 months, a term below the applicable guideline range of 168 to 210 months of imprisonment based on the number of images, followed by a term of supervised release for life. (Cr. Doc. #44; Cr. Doc. #50, p. 10.)

Judgment (Cr. Doc. #47) was filed on March 5, 2013. Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the Judgment on March 19, 2013. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been

>discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner would have had until March 19, 2014 under Section 2255(f)(1) to file his Motion, which was not filed until June 27, 2016.  Therefore, petitioner's motion is time-barred and will be dismissed.

Petitioner seeks to file his motion pursuant to Section 2255(f)(3) based on the decision in Johnson, and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016) to collateral review.  In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague.  Since petitioner's sentence was not enhanced under the ACCA, Johnson does not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion is also time-barred under Section 2255(f)(3).

To the extent that petitioner seeks to extend the Johnson holding to 18 U.S.C. § 2252(a)(2), the Court finds that the holding in Johnson has not been extended beyond the ACCA's residual clause, and furthermore petitioner was not sentenced to any statutory enhancement.  Petitioner entered a plea of guilty to distribution of material involving the sexual exploitation of minors under Section 2252(a)(2), which provides that any person:

>knowingly receives, or distributes, any visual depiction using any means or facility of

>>interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if--
>
>>**(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
>>**(B)** such visual depiction is of such conduct

18 U.S.C. § 2252(a)(2). Count Two is subject to a statutory minimum mandatory 5 years, 18 U.S.C. § 2252(b)(1)[1], and petitioner's lack of any criminal history meant that he was not subject to the enhancement minimum mandatory 15 years.[2] Petitioner's 120 month sentence was above the statutory minimum of 60 months, but below the applicable guideline range sentence of 168 to 210 months. Since the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, see

---

[1] The Court has "no discretion to depart downward from the relevant statutory mandatory minimum sentences" imposed by Congress. United States v. Simpson, 228 F.3d 1294, 1303 (11th Cir. 2000).

[2] If petitioner had a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children," petitioner's sentence would have been subject to a minimum mandatory 15 years. Id. However, petitioner was not subject to this enhancement.

Beckles v. United States, 137 S. Ct. 886 (2017), the motion will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The government's Motion to Dismiss Motion as Untimely (Cv. Doc. #12) is **GRANTED.**

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #56) is **DISMISSED** as time-barred.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA